UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

FORTUNOFF HOLDINGS, LLC, and
FORTUNOFF CARD COMPANY, LLC

      Debtors.

Chapter 11
Case No. 09-10497 (RDD)

-----------------------------------------------------------X
JOANNE M. IANNACONE, SUSAN
MITCHELL and ROBIN WRIGHT, on behalf
of themselves and all others similarly situated,

      Plaintiffs,
v.

FORTUNOFF HOLDINGS, LLC,
FORTUNOFF CARD COMPANY, LLC,
NATIONAL REALTY & DEVELOPMENT
CORP., NRDC EQUITY PARTNERS, LLC,
NRDC FUND V, LLC, and AREA
PROPERTY PARTNERS f/k/a APOLLO
REAL ESTATE ADVISORS.

      Defendants.
-----------------------------------------------------------X

ADV. PRO. 09-01044 (RDD)

**FIRST AMENDED
CLASS ACTION COMPLAINT**

Plaintiffs Joanne M. Iannacone, Susan Mitchell, and Robin Wright ("Plaintiffs") allege on behalf of themselves and the class of those similarly situated as follows:

### NATURE OF THE ACTION

1.   The Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, a mass layoff or plant closings ordered by Defendants on or about February 12, 2009, and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker

Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et. seq.,* and the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.*

2. Plaintiffs and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendants. The New York Plaintiffs and similarly situated employees in New York seek to recover 60 days wages and benefits. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

5. The violation of the WARN Act alleged herein occurred in this district.

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and NYLL § 860-G(7).

## THE PARTIES

### *Plaintiffs*

7. Plaintiff, Joanne M. Iannacone, was employed by Defendants and worked at the Defendants' corporate headquarters located at 70 Charles Lindbergh Boulevard, Uniondale, New York (the "Lindbergh Facility") until her termination on or about February 12, 2009.

8. Plaintiff, Susan Mitchell, was employed by Defendants and worked at the Lindbergh Facility until her termination on or about February 16, 2009.

2

9. Plaintiff, Robin Wright, was employed by Defendants and worked at the Lindbergh Facility until her termination on or about March 13, 2009.

**_Defendants_**

10. Defendants maintained and operated its corporate headquarters at the Lindbergh Facility and maintained and operated additional sites and facilities, as that term is defined by the WARN Act and NY WARN Act, throughout the United States (collectively the "Facilities").

11. Until on or about February 12, 2009, the Plaintiffs and the other similarly situated former employees were employed by Defendants and worked at or reported to one of the Facilities.

12. Defendant NRDC Equity Partners, LLC maintained and operated its corporate headquarters at 3 Manhattanville Road, Purchase, New York.

13. Defendant Area Property Partners f/k/a Apollo Real Estate Advisors maintained and operated its corporate headquarters at 2 Manhattanville Road, Purchase, New York.

14. The Principals of Area Property Partners f/k/a Apollo Real Estate Advisors, a Delaware corporation, and National Realty & Development Corp., a Connecticut corporation, formed the company NRDC Equity Partners LLC, which is the direct parent of wholly-owned subsidiary Debtor Fortunoff Holdings, LLC

15. Upon information and belief and at all relevant times, there was an overlap of officers and directors by and between the Defendants.

16. Upon information and belief and at all relevant times, the members of the board of directors of Debtor Fortunoff were partners or principals of Defendant NRDC Equity Partners, LLC, National Realty & Development Corp., and Area Property Partners f/k/a Apollo Real Estate Advisors, including Robert C. Baker, Richard A. Baker, William Mack, and Lee Neibart.

17. Upon information and belief and at all relevant times, at least one director of Debtor Fortunoff, Richard A. Baker, was an officer or principal of Defendant NRDC Equity Partners LLC and National Realty & Development Corp.

18. Upon information and belief, Defendant NRDC Fund V, LLC has 100% interest membership in Debtor Fortunoff Holdings, LLC.

19. On February 5, 2009, Defendants filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## WARN CLASS ALLEGATIONS

20. Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on their own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about February 12, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about February 12, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

21. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

22. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

4

23. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

24. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a)    whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

    (b)    whether Defendants, as a single employer, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c)    whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

25. The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class members, worked at or reported to one of Defendants' Facilities and were terminated without cause on or about February 12, 2009, due to the mass layoffs and/or plant closings ordered by Defendants.

26. The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

27. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages

suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

28. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

29. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

### NEW YORK WARN ACT CLASS ALLEGATIONS

30. Plaintiffs bring the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of themselves and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about February 12, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about February 12, 2009, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class")

31. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

32. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendants.

33. On information and belief, the rate of pay and benefits that were being paid by Defendants to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

34. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

    (a) whether the members of the NY WARN Class were employees of the Defendants who worked in a covered site of employment of Defendants;

    (b) whether Defendants, as a single employer, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the WARN Act; and

    (c) whether Defendants unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Act.

35. The Plaintiffs' claims are typical of those of the NY WARN Class. The Plaintiffs, like other NY WARN Class members, worked at or reported to one of Defendants' Facilities and were terminated on or about February 12, 2009, due to the termination of the Facilities ordered by Defendants.

36. The Plaintiffs will fairly and adequately protect the interests of the NY WARN Class. The Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

37. Class certification of these Claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

38. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

39. Plaintiffs intend to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### WARN ACT Cause of Action

40. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

41. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

8

42. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

43. The Defendants constituted a "single employer" of the Plaintiffs and the Class Members under the WARN Act in that, among other things:

(a) The Defendants shared common ownership;

(b) The Defendants shared common officers and directors;

(c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants.

44. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

45. On or about February 12, 2009, the Defendants ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

46. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

47.     The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

48.     The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

49.     Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

50.     Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

51.     The Plaintiffs are, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

52.     Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

53.     Since the Plaintiffs and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Debtors' violation of federal laws, Plaintiffs' and the Class Members' claims against Defendants are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

54.     The relief sought in this proceeding is equitable in nature.

### New York WARN Act Cause of Action

55. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56. At all relevant times, Defendants were individuals or private business entities defined as "employers" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facilities as defined by § 860-A(3),(4).

57. On or about February 12, 2009, the Defendants ordered a mass layoff and/or plant closing at its Facilities as defined by § 860-A(3),(4).

58. The New York Plaintiffs and the Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendants without cause on their part.

59. Defendants were required by the NY WARN Act to give the New York Plaintiffs and the Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

60. Defendants failed to give the NY Plaintiffs and the NY Class Members written notice that complied with the requirements of the NY WARN Act.

61. Defendants failed to pay the NY Plaintiffs and each of the NY Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

62. Since the NY Plaintiffs and each of the NY Class Members seek severance attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Debtors' violation of New York law and the NY Class Members' claims against Defendants are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

63. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A first priority administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, or, alternatively, determining that the first $10,950 of the WARN Act and NY WARN Act claims of the Plaintiffs and each of the other similarly situated former employees is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim.

E. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper.

Dated:     May 22, 2009

Respectfully submitted,

By:    /s/ René S. Roupinian
Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiffs and the putative Class*